## DOLAN v. HURLEY.

(District Court, D. Massachusetts. September 13, 1922.)

No. 923.

Post office ⚖️35—Sale of lucky stones through the mail not fraudulent.

The sale through the mails of so-called lucky stones, believed by some persons to affect the wearer's fortunes, is not fraudulent, when they are sold for what they are, without any falsehood or misrepresentation.

In Equity. Suit by Helen F. Dolan against William E. Hurley, Postmaster. Injunction granted.

Harvey H. Pratt and Bernard E. Farr, both of Boston, Mass., for plaintiff.

Joseph W. Keith, U. S. Atty., of Brockton, Mass., for defendant.

MORTON, District Judge. This is a suit to enjoin the defendant as postmaster of Boston from carrying out a fraud order issued by the Postmaster General against the complainant. There is no dispute about the facts. They are settled by an agreed statement on which the case is submitted.

One Rand sold "lucky stones," under various representations as to their powers, scarcity, and value, which were false and fraudulent. He was convicted and sentenced for carrying on a scheme to defraud by the use of the mails; a fraud order was also issued against him by the Postmaster General. After his release from prison he sold his business to the complainant, who had been in his employ. It is carried on at the same place; both of them still work there; the claim of the complainant is that Rand is employed by her. The complainant sells lucky stones and advertises them by circulars, which in size, shape, and general appearances closely resemble those formerly used by Rand. But the reading matter in them has been radically changed. None of the false representations which were contained in Rand's circulars and formed the basis of the criminal prosecution and fraud order against him are made by the complainant. The complainant's business was investigated by post office inspectors, and upon a report by them and a memorandum by the Solicitor General of the department, the Postmaster General issued a fraud order against the complainant, without any notice to her, and without giving her a chance to be heard. The question is whether upon

---

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

such facts the finding that the complainant's business was fraudulent was warranted.

In the memorandum of the Solicitor General, dated December 20, 1918, Rand's former business, which was suppressed is described as "the selling of [lucky stones] through the mails by means of false and fraudulent pretenses, representations and promises." There are also findings "that this business [the complainant's] is in substance the same business as that which a fraud order of July 21, 1916, was designed to suppress, and is therefore a scheme for obtaining money through the mails by means of false and fraudulent pretenses, representations and promises" (Memo. Sol. Gen. Dec. 20, 1918), and that "the representations used, while guardedly worded, are in substance and effect the same as those used for the purpose of selling these stones prior to Rand's prosecution" (Id). A comparison of the Rand circular and the Dolan circular shows that these findings are erroneous. Upon a careful examination of the complainant's advertising, I have been unable to discover anything which amounts to a false statement or representation made by her; and my attention has been called to none by the defendant. Many of the statements in the so-called "testimonials" appear absurd and improbable, but apparently the testimonials are genuine.

The Dolan circular is designed to sell lucky stones, and it does so without falsehood or misrepresentation. Unless the business of selling lucky stones is per se fraudulent, no sufficient reason appears for the order against the complainant. That few intelligent people take any stock in such things is doubtless true. At the same time, there is nothing immoral in a belief that gems or amulets affect the wearer's fortunes. It is an old and respectable superstition. Indeed, it is by no means sure that the confidence inspired by a belief in such objects may not be of real value. Some room must be left for the play of individual fancy. If people who believe in lucky stones or four-leaved clovers wish to buy them, I see no sufficient reason why they should be prevented from doing so; and if the complainant wishes to sell lucky stones for what they are, without lying about them, it seems to me that it is going too far to say that she is acting fraudulently in so doing.

Injunction to issue.